In the matter of De Angelis.

---

---

## NEW YORK SPECIAL TERM.

Before EDMONDS, Justice.

---

### In the matter of DE ANGELIS.

The Court of Common Pleas for the city and county of New York has no jurisdiction to award as to the custody of children pending an action for a divorce of the parents of such children.

*Edmonds, J.:* The question raised in this matter is whether the Court of Common Pleas, by obtaining jurisdiction under the Code to grant a divorce *a vinculo*, has also obtained jurisdiction *pendente lite*, to award as to the custody of the children of the parties litigating in such a suit.

In the matter of De Angelis.

We have so long been in the habit of seeing both powers exercised by the same court, in our late Court of Chancery, that it seems, at first blush, that both must go together, and that the power as to children was a necessary incident to the power as to divorce.

To ascertain whether it is so, we must necessarily recur to the origin of the respective powers in the late Court of Chancery.

In England, before our Revolution, divorces were never granted by the Court of Chancery, and that court had no jurisdiction in the matter. It was the same in this State, while it was a colony, and for some time after the State government was formed, so that no divorce could be obtained except by special act of the legislature. The power was first conferred on our Court of Chancery by an act passed March 30, 1787, entitled "An act directing a mode of trial, and allowing of divorces for adultery," and recited — "Whereas, the laws at present in being in this State, respecting adultery, are very defective, and applications have in consequence been made to the legislature praying their interposition; and, whereas, it is thought more advisable for the legislature to make some general provision in such cases, than to afford relief to individuals, upon their partial representations, without a just and constitutional trial of the facts." It was then enacted that the Court of Chancery should have jurisdiction upon suit brought to award a divorce.

At that period, and not until then, our Court of Chancery obtained jurisdiction to grant a divorce, and it derived it solely from the statute.

But its jurisdiction as to minor children had been long before that well established and constantly exercised. The general superintendence and protective jurisdiction of the Court of Chancery over the persons and property of infants, is a delegation of the rights and duties of the government, and it belonged to that court, and was exercised by it, from its first establishment (2 Story's Eq. J. § 1334); and Lord REDESDALE, a name venerable in equity jurisprudence, in the

house of lords, said he had no doubt in the world that it was a jurisdiction rightfully assumed, and, for one hundred and fifty years past, unquestionably assumed by the chancellors sitting in the Court of Chancery. (*Wellesby* v. *Wellesby*, 2 Bligh R. [N. S.] 129.)

These powers, then, are distinct and independent powers, accidently blended, merely by the fact that both have been exercised in the same court. Yet not always so, for by our Revised Statutes (2 R. S. 148, § 1) the power as to children is in some cases given also to the Supreme Court, then wholly a court of law, and not equity, and never until the union of the two courts having power to grant divorces.

These powers being then distinct from each other, derived from different sources, and at different periods, and being at times exercised by different tribunals, they can in no respect be regarded as incident to each other, or as one of them carrying the other along with it.

Have both these powers been conferred on the Court of Common Pleas, or only one of them?

Its power to entertain suits for divorces is derived entirely from that provision of the Code which gives it jurisdiction of "actions" in certain cases, and the power formerly belonging to and exclusively exercised by the Court of Chancery, in respect to the persons of infants, is nowhere conferred, either in express terms or by necessary implication.

The Revised Statutes, which confer upon the Court of Chancery the power of granting divorces and decreeing separations, and awarding as to the custody of children in such cases, is title one of chapter eight of the second part, and section 471 of the Code enacts that that statute shall not affect any proceedings provided for by the aforesaid chapter of the Revised Statutes.

How far that section of the Code excludes the Court of Common Pleas from all jurisdiction in actions for divorce or separation, I am not now called upon to say, but it is very clear that the protective jurisdiction over infants, which was inherent in the Court of Chancery from its organization, and

also that conferred on that court by the Revised Statutes, has never been conferred on the Court of Common Pleas, whatever may be thought of its jurisdiction over actions for a divorce.

I have been thus minute in the examination of this question, because if the Court of Common Pleas had the power to award as to the custody of the children, it being now in possession of a suit for a divorce between their parents, I should discharge the writ of habeas corpus and remit the parties to that court for directions as to the children pending that suit. But as I am satisfied they have not that power, I must entertain the application on that writ now before me, and award as to the custody of the children, as it is in this court alone that the power is vested.